[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN AND MODIFY VISITATION AND CHILD SUPPORT (DOCKET ENTRY #105) MOTION FOR CONTEMPT (DOCKET ENTRY #105.5) AND DEFENDANT'S MOTION FOR ENFORCEMENT OF FOREIGN DECREE (DOCKET ENTRY #106)
On May 2, 1991, the Circuit Court for the County of Gratiot, State of Michigan, entered a decree of divorce. On September 30, 1991, the Michigan court ordered re-evaluation of issues raised upon a petition filed by the defendant father as they relate to visitation., such re-evaluation to be conducted by the Friend of the Court (Michigan's equivalent to our Family Relations Division). The Friend of the Court filed his recommendation on January 3, 1992. The Michigan court had ordered on September 30, 1991, that such recommendation shall become the Order of the court unless either party shall file an objection thereto within Fourteen (14) days after the date of the Friend of the Court's report. The defendant filed such timely objection on January 8, 1992, and noticed this objection for hearing on January 31, 1992. On January 8, 1992, the plaintiff filed the Michigan judgment with the Connecticut court.
At the time of filing the Michigan judgment the plaintiff through her attorney certified that the Michigan judgment was a final judgment. The plaintiff through her attorney also certified that that judgment had not been modified since its date of entry. This was not correct and, indeed, as of January 3, 1992, that judgment had been modified by the Friend of the Court's report which was to become an order of the court after CT Page 6446 fourteen (14) days if no objection was filed. Plaintiff's certification made no mention of the subsequent proceedings on September 30, 1991, or January 3, 1992. On January 24, 1992, the defendant renoticed the January 31 hearing for February 28, 1992. The defendant also filed a petition for abatement of child support and reimbursement of child care expenses. The defendant's objection to the Friend of the Court's recommendation, re-notice of hearing, petition for order to show cause and order to show cause all were personally served upon the plaintiff on February 8, 1992.
All of the foregoing motions came on to be heard in Michigan on March 9, 1992, before the Honorable Jack T. Arnold, Acting Circuit Judge. A copy of that judgment has been certified into court by the defendant.
It is the plaintiff's claim that the Michigan Court did not have jurisdiction under the Uniform Child Custody Jurisdiction Act to enter those parts of the judgment concerning visitation since the plaintiff and the three minor children had continuously resided in the State of Connecticut since approximately October 1989. The defendant argues that the plaintiff's certification with the Connecticut court of the original judgment only was incorrect and that the judgment of April 30, 1991, was not final as that term is indicated under the Enforcement of Foreign Matrimonial Judgments Act 46b-70, et seq.
Section 46b-71 (a) of the General Statutes provides inter alia that a party shall file "a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended . . ." The judgment in this instance had, in effect, been modified by the Friend of the Court's report. report was filed on January 3, 1992. The plaintiff's certification into the Connecticut court was on January 8, 1992. The Michigan Court when it ruled on March 19, 1992, had jurisdiction to rule as it did by virtue of its continuing jurisdiction in such proceedings. This court rules that the proceedings on March 19, 1991 were proper, that that court had jurisdiction to decide as it did and that the judgment of the Michigan court on March 19, 1992, must be accorded full, faith and credit under Article 4 1 of the United States Constitution.
 PLAINTIFF'S MOTION TO RE-OPEN JUDGMENT AND MODIFY VISITATION AND CHILD SUPPORT
The plaintiff has moved to modify visitation and support. The Michigan court in its order of March 19, 1992, has modified visitation and these orders shall stand until modified by this court. There is a dispute relative to transportation. One CT Page 6447 hundred and forty-eight (148) miles separate the parties, the distance between Guilford and Billerica, Massachusetts. The Michigan court had ordered in its order of March 19 that the defendant pick up the children at the home of the plaintiff and the plaintiff pick up the children at the defendant's home on Sunday evening. In fact the defendant is presently doing all the driving. The defendant complains that his visitation is reduced by the five hours driving time (two and one-half hours each way). The plaintiff complains that she has less than forty-eight (48) hours to get other chores accomplished and to take five hours out of her time to make one of the trips would be a hardship. Having considered what is in the best interests of the children pursuant to the provisions of 46b-56 of the General Statutes, the court orders that the parties share the driving, the plaintiff to drive the children to Vernon, Connecticut to a restaurant known as the Pie Plate just off Route I-84 north of Hartford where the defendant shall pick up the children and where the defendant shall return the children and the plaintiff pick up the children. Times of pick up and delivery shall have to be adjusted between the parties to accommodate the needs of the children and the parties' schedules. Consideration should be given by the defendant to the children traveling by train on visitation weekends. This might be exciting to the children and the oldest child, in the court's opinion, is old enough to look out for the two younger children. The cost of such train transportation shall be borne 70% by the defendant and 30% by the plaintiff.
On the issue of telephone calls, the Michigan court entered orders on March 19. The plaintiff argues that each party should be responsible for her or his own telephone bill. The court agrees and orders that the plaintiff shall allow the children to make two telephone calls per week to the defendant at her expense. The plaintiff shall allow the children any additional calls they may choose to make to the defendant reversing the charges. The defendant is permitted any number of phone calls he may choose to make. There shall be no charges one to the other and no deductions from the defendant's child support obligations.
Section 46b-71 of the General Statutes provides that any proceedings for modifying, altering, amending, vacating, setting aside, staying or suspending any foreign judgment shall be governed by the substantive law of the foreign jurisdiction, which means that in this case any modification shall be governed by the law of the State of Michigan. Michigan has child support guidelines. Connecticut also has child support guidelines. The Michigan child support guidelines in this situation would require child support in the amount of $260 per week. The Connecticut child support guidelines would require child support in the amount of $335 per week. The question presented is which of the child support guidelines should apply. Neither party now resides CT Page 6448 in Michigan. The children and their mother reside in Connecticut. Section 46b-215b(a) of the General Statutes provides in pertinent part that the guidelines "shall be considered in all determinations of child support awards within the state." (emphasis supplied). The guidelines themselves provide in subparagraph (a) General Principles, (1), pg. 8 the guidelines "shall be considered in all determinations of child support amounts within the state". (emphasis supplied) The court rules that the Connecticut Guidelines shall apply in this situation.
The present order of support provides for $236 per week as child support. The present order also provides that the defendant pay $200 per month as alimony. For so long as the alimony order is existent (it terminates upon the plaintiff's death, remarriage, or twenty-four months, whichever should first occur) support shall be in the amount of $300 per month effective July 1, 1992. Upon the termination of alimony, support shall increase to $335 per week. The court orders an immediate order for wage withholding to secure the order of support. In reaching this determination, the court has considered the Family Support Guidelines, and the provisions of 552.17 of the Michigan Statutes (MCLA 1990) providing that the court may make a new decree as the circumstances of the parents and the benefit of the children shall require.
There are other issues remaining between the parties. One of those issues is the issue of arrearage on support, if any. Payments of support are made by the defendant to the Friend of the Court in Michigan. The defendant shall continue to make payments to the Friend of the Court until July 1, 1992. Thereafter payments shall be payable directly to the plaintiff until the order for wage withholding becomes operative. There shall be no deductions from the defendant's support obligation. That part of the Michigan decree which provided for an abatement of 50% of the child support while the children are with the defendant for a period of seven (7) consecutive overnights is modified to eliminate the same.
Any arrearage of support to June 30, 1992 shall be determined by the Michigan Friend of the Court.
The previous order that uninsured medical expenses are to be divided 70% to the defendant and 30% to the plaintiff shall remain. The parties, as they have agreed, shall confer regarding uninsured medical expenses. The plaintiff shall supply the defendant with copies of all medical bills and evidence of insurance reimbursement. The defendant shall then make payment of his 70% share directly to the plaintiff noting his computation of the amount and information regarding the amount paid. CT Page 6449
In summation, then, docket entry #105 is granted in accordance with this Memorandum. Docket entry #105.5, plaintiff's Motion for Contempt is denied. Docket entry #106 (defendant's Motion For Enforcement of Foreign Decree) is granted.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, Judge